# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) CIVIL ACTION NO. |
| v. | ) ) ) ) |
| RALPH JONES SHEET METAL, INC., | ) **JURY TRIAL DEMAND** ) |
| Defendant. | ) |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 against Defendant Ralph Jones Sheet Metal, Inc. ("Defendant" or "Defendant Employer") to correct unlawful employment practices on the basis of race, and to provide appropriate relief to William Henson and other African-American employees who were adversely affected by such practices. The Equal Employment Opportunity Commission (hereinafter "EEOC" or "Commission") alleges that Defendant subjected Mr. Henson and a class of African-American employees to constant unwelcome racial harassment, including racial slurs and comments by Defendants' managers and employees, coupled with racial graffiti in common areas and on work equipment.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This is an action authorized and instituted pursuant to §

706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3)  ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Tennessee, Western Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by §706(f)(1) and (3) of Title VII, 42 U.S.C. §2000-5(f) (1) and (3).

4. At all relevant times, Defendant, RALPH JONES SHEET METAL, INC., a Tennessee corporation, was doing business in the State of Tennessee and the City of Memphis, and has continuously had at least fifteen employees.

5. At all relevant times, Defendant has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of § 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e(b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, William Henson filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least 2004, Defendant Employer has engaged in unlawful employment practices at its Memphis, Tennessee facility in violation of Section 703(a)

2

of Title VII, 42 U.S.C. § 2000e-2(a).

    8.    The unlawful employment practices involved subjecting William Henson to a racially hostile work environment because of his race, Black.

    a. William Henson was employed by Defendant Employer from July 14, 2004 to April 1, 2007 as a forklift and crane operator.

    b. Throughout his employment, Mr. Henson was subjected to unwelcome racial harassment, including racial comments and slurs by Defendants' managers and other employees.

    c. In particular, Mr. Henson alleges that Mr. Kenney Rainey, a Supervisory Foreman, used racial slurs to degrade and demean him and other Black employees.

    d. Mr. Rainey frequently used the word "nigger" when talking to or referring to Mr. Henson and other Black employees.

    e. Mr. Henson further alleges that other Caucasian employees used the word "nigger" to degrade and demean the Black employees.

    f. Mr. Henson complained about the racial harassment to Gordon Jones, owner of Defendant's company.

    g. Despite the complaints of racial harassment, the behavior persisted.

    h. The unwelcome racial harassment was sufficiently severe or pervasive to alter the terms and conditions of Mr. Henson's employment and to create an abusive working environment.

    i. The effect of the practices complained of in Paragraph 8 (a)-(h) has been to deprive Mr. Henson of equal employment opportunities and to

        otherwise adversely affect his status as an employee because of his race, Black.

9. The unlawful employment practices involved subjecting Blacks as a class to racial harassment because of their race.

    a. Between 2004 and 2008, a class of Black employees, including William Crawford and Anthony Watkins, worked for Defendant Employer.

    b. The racial harassment experience by the Black employees included use of racial comments and slurs by Mr. Rainey and other Caucasian employees such as: "smart nigger," "house nigger," "niggers shouldn't be in the union," and "niggers were born by baboons."

    c. Mr. Crawford and Mr. Watkins complained about the racial harassment to company owner Gordon Jones and Dale Lloyd, a Superintendent.

    d. Gordon Jones and Dale Lloyd failed to take action in response to the complaints.

    e. Mr. Crawford also complained about racial graffiti in common work areas. Mr. Lloyd removed the racial graffiti but did not correct the problem, as similar comments were back in the bathroom soon thereafter.

    f. Mr. Watkins observed racial graffiti on the work equipment. When he complained, he was told nothing could be done about it.

    g. The unwelcome racial harassment was sufficiently severe or pervasive to alter the terms and conditions of Mr. Crawford's, Mr. Watkins', and other Black employees' employment and to create an abusive working

     environment.

   h. The effect of the practices complained of in Paragraph 9 (a)-(g) has been to deprive Mr. Crawford, Mr. Watkins and other Black employees of equal employment opportunities and to otherwise adversely affect their status as employees because of their race, Black.

 10. The unlawful employment practices complained of in Paragraphs 8-9 above were intentional.

 11. The unlawful employment practices complained of in Paragraphs 8-9 above were done with malice or reckless indifference to the federally protected rights of Mr. Henson and a class of Black employees.

### **PRAYER FOR RELIEF**

**THEREFORE**, the Commission respectfully requests that this Court:

 A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in any employment practices that permit or condone racial harassment.

 B. Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for Black employees, and which eradicate the effects of its past and present unlawful employment practices.

 D. Order Defendant Employer to make whole Messrs. Henson, Crawford, and Watkins by awarding damages, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

 E. Order Defendant Employer to make whole Messrs. Henson, Crawford,

and Watkins by providing compensation for pecuniary losses, in amounts to be determined at trial.

F.    Order Defendant Employer to make whole Messrs. Henson, Crawford, and Watkins by providing compensation for nonpecuniary losses, including emotional pain and suffering, in amounts to be proven at trial.

G.    Order Defendant Employer to pay punitive damages for its malicious and reckless conduct described in Paragraphs 8-9 above, in amounts to be determined at trial.

H.    Grant such further relief as the Court deems necessary and proper in the public interest.

I.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully Submitted,

**JAMES LEE**
Deputy General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel

s/ Faye A. Williams
**FAYE A. WILLIAMS**
Regional Attorney
Tennessee Bar No. 011730

s/ Carson L. Owen
**CARSON L. OWEN**
Senior Trial Attorney

Tennessee Bar No. 009240

<u>/s Anica C. Conner</u>
**ANICA C. CONNER**
Trial Attorney
Tennessee Bar No. 025325

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
1407 Union Avenue, Suite 901
Memphis, TN  38104
Telephone:  (901) 544-0133